IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                                                        Criminal No. 17-00267-01
                                                        ELECTRONICALLY FILED

    v.

JOSE APONTE,

        Defendant.

**MEMORANDUM ORDER REVIEWING DETENTION ORDER
AND DENYING RELEASE FROM CUSTODY**

Defendant, Jose Aponte, was detained pending trial on drug trafficking charges following a detention hearing before Magistrate Judge Eddy on October 26, 2017, on grounds that no condition or combination of conditions of release could adequately ensure the safety of the community nor reasonably assure the Defendant's appearance as required. Doc. No. 42.

Magistrate Judge Eddy found that Defendant should be detained due to the strong weight of evidence against him, the lengthy period of incarceration which may be imposed if Defendant is convicted, his prior criminal history, his participation in criminal activity while on probation, parole, or supervision, his history of substance use, his lack of stable employment or stable residence, his lack of significant community or family ties to this district, his use of aliases and false birth dates, and his prior violations of probation, parole, or supervised release. *Id.* Defendant requests that the Court vacate the detention order and release him to home detention. Doc. No. 49.

The Court has reviewed Defendant's Motion, doc. no. 49, and the Government's Response opposing Defendant's release from detention, doc. no. 51. The Court has also

reviewed the transcript of the detention hearing before Magistrate Judge Eddy, doc. no. 58, and supplemental argument and evidence provided by the Defendant, doc. no. 59. Finally, the Court has reviewed the Pretrial Services Report. For the reasons that follow, the Court will DENY Defendant's Motion.

## I. Legal Standards

Title 18 United States Code Section 3145(b), provides that:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

The United States Court of Court of Appeals for the Third Circuit has determined that the appropriate standard of review is *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). At the evidentiary level, *de novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript of the proceedings before the Magistrate Judge including any exhibits admitted therein. *United States v. Chagra*, 850 F.Supp. 354, 357 (W.D. Pa. 1994). The Court may also consider any additional evidence submitted in connection with the motion. *United States v. Turner*, 08cr0323, 2008 WL 4186212, at *1 (W.D. Pa. Sept. 5, 2008). "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142(f)

There is a presumption of detention in cases in which, as here, the defendant is charged under the Controlled Substances Act with an offense for which a maximum term of imprisonment of ten years or more is prescribed. 18 U.S.C. § 3142(e). To rebut the

2

presumption, the defendant must produce some credible evidence that he will not pose a threat to the community upon his release. *United States v. Wooley*, 11cr0158, 2012 WL 3245472 (W.D. Pa. Aug. 7, 2012). However, "[t]he quantum of evidence required to rebut the presumption is not high." *United States v. Gibson*, 481 F. Supp. 2d 419, 420 (W.D. Pa. 2007).

If the defendant produces evidence to rebut the presumption, the Government continues to bear the burden of persuasion that the defendant should be detained. *United States v. Shannon*, 11cr0237, 2014 WL 7157335 (W.D. Pa. Dec. 15, 2014). The Government must prove dangerousness by clear and convincing evidence. *Id.*

According to Section 3142(g), the following four factors must be considered:

(1) the nature and circumstances of the offense;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including his character, family, employment, finances, length of residence, ties to community, drug abuse history, criminal history, record of appearance at court proceedings, and whether he was on bond at the time of the charged offense; and

(4) the nature and seriousness of the danger posed by the person's release.

**II.     Discussion**

*1. Nature and Circumstances of the Offense*

The offense charged against Defendant was described in detail at the detention hearing, *see* doc. no. 58, and in an Affidavit in Support of Criminal Complaint, doc. no. 1-1. In summary, Defendant and his codefendant are charged with supplying very large quantities of heroin to distributors within the Western District of Pennsylvania. *Id.* Using information from

confidential sources, law enforcement arranged for a controlled purchase of 200 bricks of heroin from the codefendants in exchange for $22,000 on August 31, 2017. *Id.* Confidential sources identified the codefendants as regular supplies of heroin to distributors in this district. *Id.*

Defendant argues that the offense conduct is overstated - - specifically noting that he is charged with a conspiracy to distribute heroin commencing in 2013, but was released from a lengthy prison term in 2015. He also argues that the Government improperly argued that he was selling drugs "from a nursing facility"; however, there is ample evidence to support the Magistrate Judge's finding that Defendant conducted the alleged criminal conduct while providing care for his ill mother - - and that his responsibilities to provide care for her did not deter him from this conduct.

2. *Weight of the Evidence*

The evidence against Defendant is strong and includes recorded conversations, eyewitness accounts by undercover law enforcement agents, and multiple confidential sources.

3. *History and Characteristics of Defendant*

Defendant is a 47-year-old man with three prior felony convictions. *See* Doc. No. 60. He has no ties to the Western District of Pennsylvania. He has residences in Florida and New Jersey, and has most recently been living in New Jersey and caring for his mother, who is ill. [Doc. No. 59](). There is no evidence that Defendant has any employment history.

Although Defendant challenges the recitation of his criminal history at his detention hearing, the Court notes that Magistrate Judge Eddy specifically stated in her findings that she was not considering multiple instances of criminal charges that had been dismissed - - including numerous instances of alleged domestic violence. Doc. No. 58. However, the pretrial services

4

report indicated that three individuals had obtained restraining orders against Defendant.

Defendant also challenges the introduction of testimony at the detention hearing indicating that he is a member of the Latin Kings street gang. While serving probation imposed for a 2004 drug conviction, Defendant was charged with serious drug violations, including leading a narcotics trafficking network in New Jersey. Defendant pled guilty to distributing marijuana near school property and heroin and cocaine trafficking and was sentenced to 7 years in state prison.

There is also record evidence that shows the Defendant has a history of using aliases and false birthdates.

### 4. *Nature and Seriousness of the Danger Posed by Defendant's Release*

Defendant has shown that being arrested, charged, and even convicted of serious drug offenses is not a deterrent to his drug distribution activities. "A danger to the community does not only include physical harm or violent behavior." *United States v. Abdullahu*, 488 F. Supp. 2d 433, 438-39 (D.N.J. 2007). Defendant has repeatedly engaged in the distribution of illegal drugs. The Court is mindful that the distribution of opioids, in particular, has recently resulted in serious harm to the community.

Defendant argues that his codefendant in this case has a prior felony drug conviction, could potentially be subject to a 20-year term of imprisonment should the Government file additional charges against her, and was granted pre-trial release. Defendant objects to the disparate treatment and argues that he has been denied equal protection. However, the pre-trial release of a codefendant has no bearing on whether or not a defendant should be released or detained and is not a factor the Court should properly consider under the Bail Reform Act. *See*

*e.g., United States v. Oliver*, Crim. No. 16-40, 2016 WL 1746853, at *10-11 (W.D. Pa. May 3, 2016) ("the status of the coconspirators as released on bond and/or in pretrial custody does not bear directly on whether this Defendant should be released from custody as the same is not a specific factor under section 3142(g) which must be considered when making an individualized assessment of his eligibility for bail.").

**III.     Conclusion**

For these reasons, Defendant's Motion for Reconsideration of Order of Detention, Doc. No. 49, is DENIED.  The existing detention order will remain in place pending trial.

SO ORDERED, this 31st day of January, 2018,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge