IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

                              Criminal No. 17-00267-01
                              ELECTRONICALLY FILED

v.

JOSE APONTE,

    Defendant.

**MEMORANDUM ORDER DENYING
DEFENDANT'S MOTION TO BE RELEASED ON SUPERVISED BOND**

On October 3, 2017, Defendant, Jose Aponte, was charged by Indictment with conspiring to distribute and possessing with intent to distribute one kilogram or more of heroin. Doc. No. 16. Defendant was detained pending trial following a detention hearing before Magistrate Judge Eddy on October 26, 2017, on grounds that no condition or combination of conditions of release could adequately ensure the safety of the community nor reasonably assure the Defendant's appearance at court as required. Doc. No. 42.

On January 31, 2018, this Court issued a Memorandum Order denying Defendant's Motion for Reconsideration of the Detention Order after reviewing (1) the nature and circumstances of the offense; (2) the weight of the evidence against Defendant; (3) the history and characteristics of the Defendant including his character, family, employment, finances, length of residence, ties to community, drug abuse history, criminal history, record of appearance at court proceedings, and whether he was on bond at the time of the charged offense; and (4) the nature and seriousness of the danger posed by the Defendant's release. *See* Doc. No. 16 and 18 U.S.C. § 3142(g).

On April 23, 2018, pursuant to a plea agreement with the Government, Defendant pled guilty to conspiring to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i). Doc. No. 86. In the plea agreement, Defendant agreed with the Government that the appropriate sentence in this case is a term of imprisonment of eleven (11) years; a fine to be determined by the court; a term of supervised release of eight (8) years; and a special assessment of $100.00. Doc. No. 84.

On May 8, 2018, Defendant filed the instant *pro se* Motion to be Released on Supervised Bond. Doc. No. 94. The Court has previously informed Defendant that, because he is represented by Counsel, the Court will not accept motions filed *pro se* by Defendant. *See* Doc. No. 65; Doc. No. 67; and Doc. No. 70 (all Orders of Court directing Defendant that all motions must be filed by his Counsel after Defendant submitted *pro se* requests to be released from detention following the Court's Order denying Defendant's release in January, Doc. No. 16.).

Defendant has not submitted any new evidence or argument to establish that he should be released on bond. *See* Doc. No. 94; c*ompare* Doc. No. 49 and Doc. No. 69. Additionally, as the Government highlights, because he has now pled guilty to a serious felony drug offense, his detention is mandatory under 18 U.S.C. § 3143(a)(2) and Defendant would have to establish that there is a substantial likelihood that he would succeed on a motion for acquittal or new trial in order to gain his release from detention. 18 U.S.C. § 3143(a)(2).

**Conclusion**

Accordingly, Defendant's Motion to be Released on Supervised Bond is DENIED. The existing detention order will remain in place pending sentencing. The Court will not entertain

On April 23, 2018, pursuant to a plea agreement with the Government, Defendant pled guilty to conspiring to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i). Doc. No. 86. In the plea agreement, Defendant agreed with the Government that the appropriate sentence in this case is a term of imprisonment of eleven (11) years; a fine to be determined by the court; a term of supervised release of eight (8) years; and a special assessment of $100.00. Doc. No. 84.

On May 8, 2018, Defendant filed the instant *pro se* Motion to be Released on Supervised Bond. Doc. No. 94. The Court has previously informed Defendant that, because he is represented by Counsel, the Court will not accept motions filed *pro se* by Defendant. *See* Doc. No. 65; Doc. No. 67; and Doc. No. 70 (all Orders of Court directing Defendant that all motions must be filed by his Counsel after Defendant submitted *pro se* requests to be released from detention following the Court's Order denying Defendant's release in January, Doc. No. 16.).

Defendant has not submitted any new evidence or argument to establish that he should be released on bond. *See* Doc. No. 94; c*ompare* Doc. No. 49 and Doc. No. 69. Additionally, as the Government highlights, because he has now pled guilty to a serious felony drug offense, his detention is mandatory under 18 U.S.C. § 3143(a)(2) and Defendant would have to establish that there is a substantial likelihood that he would succeed on a motion for acquittal or new trial in order to gain his release from detention. 18 U.S.C. § 3143(a)(2).

**Conclusion**

Accordingly, Defendant's Motion to be Released on Supervised Bond is DENIED. The existing detention order will remain in place pending sentencing. The Court will not entertain

any further *pro se* filings made by Defendant, and Defendant is again directed to file all pleadings through his appointed Counsel.

                                                            SO ORDERED, this 21st day of May, 2018,

                                                            s/Arthur J. Schwab_____
                                                            Arthur J. Schwab
                                                            United States District Judge